The second case for this morning is 22-2132, United States v. New Mexico Environment Department. Counsel for appellant, if you'd make your appearance and proceed, please. May it please the court. My name is Alan Brabender and I represent the United States. If I may, I'd like to reserve two minutes for rebuttal. This is a suit brought by the United States on behalf of the United States Air Force challenging a permit issued by the New Mexico Environment Department under the state's federally approved Resource Conservation and Recovery Act. The United States brought suit in both federal court and state court, but the state court case was stayed soon after its inception. The parties then spent the next three and a half years litigating in federal court and the matter became ripe for summary judgment on cross motions. The district court didn't act on those motions. It decided souspende and without notice to the parties to dismiss for a lack of subject matter jurisdiction because the court said that the require of sovereign immunity, which requires federal agencies to comply with state procedural requirements, meant that the state permit could only be challenged in state court. The court went on to say that it would abstain from the exercise of jurisdiction even if it had it under the Colorado River abstention doctrine. We believe these decisions were in error. 28 U.S.C. 1345 provides the district court with jurisdiction because the United States commenced this suit and nothing in record changes that fact. There are also no exceptional circumstances warranting abstention. I'll first, I'll start with subject matter jurisdiction, then I'll move to abstention. And I take it for jurisdictional purposes you aren't relying on 1331. You at one point did in this litigation early on, it's my understanding. We did. We did not appeal that issue to this court. We're relying exclusively on 1345, Your Honor. All right. And as mentioned, 1345 provides jurisdiction to federal district courts in all civil actions commenced by the United States. The United States is the plaintiff here, so the district court had jurisdiction. Exceptions to 1345 may be had as otherwise provided by Congress. But this is a very narrow exception. A party wishing to divest a court of its 1345 jurisdiction faces a high hurdle. It must show an affirmative intent by Congress to repeal section 1345, which New Mexico concedes is not the case here. The only other way to show that a court is divested of its 1345 jurisdiction is to show that the exercise of 1345 jurisdiction is irreconcilable with some other act of Congress that would, that is alleged to be RCRA here. But neither the district court nor New Mexico have shown that 1345 and RCRA are irreconcilable. The district court, for its part, employed the wrong standard. It didn't employ the irreconcilability standard. New Mexico doesn't defend the district court's use of the incorrect standard here. New Mexico instead argues that RCRA, which was enacted after 1345, impliedly strips federal courts of their jurisdiction because federal agencies must comply with state procedural requirements to the same extent as any other person. But this argument is inconsistent with the Colorado River case, which held that 1345 may not be defeated by mere implication flowing from subsequent legislation. Implied conflict is insufficient. Two statutes must be irreconcilable because courts have an obligation to give effect to all statutes. And here, 1345 and RCRA may be reconciled in various ways. It may be reconciled or they may be reconciled with the recognition that the two statutes address different subjects. 1345 addresses subject matter jurisdiction, while RCRA 6961A addresses sovereign immunity. The RCRA waiver of sovereign immunity does not address the forum for judicial review. The procedural requirements language addresses, as this court has said in the 1994 decision, U.S. v. New Mexico, the mechanisms for implementing the substantive standards, such as permit requirements, reporting duties, monitoring duties, and submission to state inspections. And even if the procedural requirements did address subject matter jurisdiction, that would just mean that the federal and state courts have concurrent jurisdiction. And as the Supreme Court held in Colorado River, there is no irreconcilability in the existence of concurrent state and federal court jurisdiction. Is there anything in the Hazardous Waste Act that indicates that it's exclusive jurisdiction in the state appellate court? No, there isn't. In fact, the RCRA statute itself, the waiver of sovereign immunity, contemplates both state and federal court jurisdiction. And I would also note that it defines the requirements. It defines requirements as those respecting control and abatement of solid or hazardous waste disposal and management, which is, of course, not subject matter jurisdiction. The Supreme Court in the Colorado River case actually addressed 1345. And it held that there was no intent to repeal 1345 in that case, despite the McCarran Amendment, which was the law at issue, subjecting federal agencies to state water rights adjudications in state court jurisdiction explicitly. In the same manner and to the same extent as a private individual in like circumstances. Despite that language, the Supreme Court held that there was no intent to divest the federal courts of their 1345 jurisdiction. We would ask this court to follow the mode of analysis of Colorado River and to find that the district court erred in finding that it lacked 1345 jurisdiction. If a private citizen were in the same situation as the United States here, they would not have an opportunity to bring a claim in federal court, right? They'd have to follow the procedure set out in the Hazardous Waste Act. That's correct. The 11th Amendment would prohibit a private individual. So by allowing the United States to come to federal court under 1345, are they being treated with the same procedures under the Hazardous Waste Act as a private citizen? And isn't that a requirement? No, as I just said earlier, the procedural requirements do not address subject matter jurisdiction. The statute itself defines requirements to be those respecting hazardous waste control and abatement. This court in the 1994 decision, U.S. v. New Mexico found that the procedural requirements refer to those mechanisms for implementing these substantive standards. That's like the permitting requirements, fees, reporting, and monitoring duties, and submission to state inspection. I think it's also important for the court to understand where the origin of that procedural requirements language. In early, early environmental statutes like the Clean Water Act, Clean Air Act, required federal agencies to comply with state Clean Water Act standards or Clean Air Act standards. But the federal agencies took the position that that only meant that they needed to comply with the substantive standards, not that they didn't need to get state permits or pay state fees. That question was then litigated all the way up to the Supreme Court in two cases, Hancock v. Train and EPA v. California. And the Supreme Court ended up siding with the federal agencies, found that the waiver only applied to substantive standards, not to procedural requirements. Congress thereafter changed the law to require federal agencies to comply not only with the substantive standards, but also the procedural requirements such as obtaining permits. And for all these reasons, we think the district court erred in finding it lacked subject matter jurisdiction. Isn't there a similar provision in the McCarran Act, 43 U.S.C. 666A? And that is, it doesn't script jurisdiction, but it says U.S. is subject to procedural requirements in the same manner, extent as other persons. That's correct. And despite that language, the Supreme Court said that that language did not divest the federal court of 1345 jurisdiction and that there was concurrent jurisdiction with state courts. We believe the district court also abused its discretion and erred in abstaining under Colorado River. As the Supreme Court stated in Colorado River, federal courts have a virtually unflagging obligation to exercise the jurisdiction that's been provided to it. It's only in exceptional circumstances that a court may abstain. I want to make sure I understand your answer to the question of if procedural requirements does encompass, if that language in 69-61 does encompass the opportunity to pursue an appeal in the New Mexico Court of Appeals, if it does encompass that, is the, what is the answer to the question of whether, of the fact that the United States and a private citizen would not be treated the same? I mean, what, what is, how does one respond if that is the premise? If the premise is that procedural requirements takes into account subject matter jurisdiction? Correct. That would just mean that the state and federal courts have concurrent jurisdiction, that the state of New Mexico could sue the United States in state court. But of course the federal agency being sued could always remove that state filed action to federal court under 28 U.S.C. 1442. I'm sorry if I wasn't clear. I think initially when the question was raised by Judge McHugh about the fact that there would be disparate treatment between the United States and a private citizen, at least your initial response, as I understood it was that procedural requirements do not encompass subject matter jurisdiction. So there's not a problem. Okay. That's correct. All right. My point is, if that is not the scenario, if procedural requirements do encompass subject matter jurisdiction, what is your response to her question about the fact that there's disparate treatment between the United States and private citizens? How do we square that with the language of the statute? It would just mean again, that what that would mean was to be concurrent jurisdiction in state court. That's still not answering the disparate treatment question, which is that the United States would be able to do something that the private citizen in New Mexico would not be able to do. Well, there would be, I guess, disparate treatment in that case, Your Honor.  Does it matter in that regard that in federal, if you're in federal court, if this stays in federal court under 1345 and there's no abstention, is it, if there was New Mexico precedent, that the federal court would be obligated to follow that substantively. Isn't that correct? Correct. Does that reflect upon this issue we're discussing right now? No, I don't believe so, Your Honor. Because it's substantive rather than procedural. Well, that's not a requirement. What benefit is there to the form of federal court versus the state court of appeals? Well, the federal government prefers to litigate in federal court. I'm asking you, what benefit is there? Well, among other benefits. Other than a forum. Among other benefits, the federal forum provides a more definite appeal rights. The state court forum, there's no right to appeal a decision of the state court of appeals. So that's one of the reasons why we are pursuing the case in federal court instead of in state court. Let me, before you run out of time, assuming I agree with you that Colorado River was the wrong abstention doctrine, why doesn't this fall under Burford abstention? Sure. Burford was at a very extraordinary case, Your Honor. And this case doesn't rise to that level. There is no ongoing state administrative proceeding at issue. There are no difficult questions of state law. This isn't just an ordinary administrative law challenge. There's only one permit at issue applicable to only one federal facility. Burford didn't involve the United States or section 1345 of the jurisdiction, which exists to give the United States the protection of the federal forum. It should be considered in any abstention doctrine. While regulating groundwater is no doubt complex, it's not nearly as complex as regulating the gas oil and gas industry discussed in Burford. And at the very least, the district court should have to make fact findings on that, on that issue. There's no history here of federal decisions creating confusion in the state court system as there was in Burford. And there's no intricate system of judicial review where cases are funneled to special state courts with specialized knowledge. Those all facts distinguish this case from Burford. All the appeals go to the court of appeals, right? True. But that is a court of generalized jurisdiction, just like the federal district courts. But if they always hear these appeals, they develop an expertise in that area. Perhaps, although there's not that many challenges to state permits, particularly from the federal government. And if I may reserve the remaining time. Do they take evidence? The state court of appeals, no. They do not. If I may reserve the remaining time. Thank you.  Good morning. And may it please the court. Esther Jamieson on behalf of the New Mexico Environment Department and Secretary James Kenney. At council table with me is William Grantham, Director of the Environmental Protection Division at the New Mexico Department of Justice. In the Resource Conservation and Recovery Act, and again in the Federal Facilities Compliance Act, Congress made it clear that federal facilities such as Cannon Air Force Base must be subject to the same substantive and procedural requirements as any other person. New Mexico has a vital and immutable interest in protecting human health and the environment within its borders and responding in a timely manner to PFAS contamination, an issue of substantial public concern. New Mexico has a curare interest in maintaining the procedural integrity of the state's hazardous waste act and ensuring that it is applied consistently and across the board, no matter the identity of the permittee. In the case below, the United States challenged the environment department's statutory authority to require corrective action for PFAS, a class of highly toxic substances. Just as the United States resisted the permits substantive requirements based on its own reading of the state's hazardous waste act, it now resists the hazardous waste acts procedural requirements, which include the jurisdictional provision that appeals of final agency decisions be reviewed before the New Mexico Court of Appeals. Even if that, even if that procedural requirements, which is part of the federal statute, even if that term doesn't encompass subject matter jurisdiction, it seems to me, why does that have to be exclusive subject matter jurisdiction? I mean that by its own terms, the New Mexico statute says the secretary may appeal, which in, which in itself does not speak to the notion of some sort of mandatory obligation. And so why is this any jurisdiction that is conferred procedurally by the federal statute? Why is that exclusive jurisdiction? It's exclusive in the sense that as your Honor's line of questioning just now was that 6961 provides a rule decision whereby the United States should be treated the same as any other person. Now, of course, United States is correct. There's no word, the word jurisdiction is not in that statute. That's because jurisdictional provisions are scattered throughout both the federal RCRA and the State Hazardous Waste Act. For example, if you're, you know, so, so not all states have a Hazardous Waste Act. Alaska, for example, does not. So in those states, there's only federal administration of hazardous waste through RCRA. So, so 6961, for example, has to describe systems which are purely federal enforcement and systems which have the state enforcement mechanisms. And so this, this casual language basically creates a rule, treat the United States when it has jurisdiction over a facility like Canon, treat it the same as any other person. So if you're in the State Hazardous Waste Act, for example, you want to appeal a permit that would go to the New Mexico Court of Appeals. Well, that doesn't, that doesn't answer the question. The fact of the matter is that the United States does have, can avail itself of the New Mexico Court of Appeals, just like any other New Mexico citizen. That doesn't say anything about whether the United States is locked into the New Mexico Court of Appeals and cannot seek relief elsewhere. So it doesn't answer the question of exclusive jurisdiction. That's the first point. And if I can indulge on the second point, the second point is when I think, when I thought about the question that asked the United States, it seems to me that one response that is possible is that the focus of the statute is what New Mexico does, or any state does vis-a-vis the United States. It is not what the United States can do based upon some other statute. In other words, the United States is treated the same as any New Mexico citizen vis-a-vis or entity vis-a-vis its regulatory regime. But what, why does that mean the United States does not have by virtue of its another statute, the right to avail itself of other remedies elsewhere? I'm not sure I entirely understand, Your Honor, but... Well, let's break it down. Okay. Let's start with exclusive jurisdiction. What about this regulatory scheme suggests that New Mexico has exclusive jurisdiction to deal with this matter? Let's start there. Because in 74-414A, it says any person, so that includes the United States, who is or may be affected by a final administrative action of the board or the secretary may appeal. And that may is permissive as to whether they want to take the appeal or not, not permissive as to the forum. All right. And I'm looking at that same provision right now, but that doesn't say anything about the fact that that has to be the exclusive venue for any individual or any entity. Doesn't say that. And number two, even if it did say that, New Mexico can't strip the United States of jurisdiction that a federal statute provides to it, right? We're not arguing that New Mexico strips United States of that jurisdiction. We're arguing that 69, Congress's intent through 69-61A, that intent is the acceptance provided by Congress exception to jurisdiction under 1345. And as I, and we're having a dialogue, not an argument. And as, and to the point on the dialogue, I still don't understand here the answer to the question, whether, even if, even if that procedural requirements section includes subject matter jurisdiction. Okay. So it includes subject matter jurisdiction. Why does it have to be exclusive? In other words, why can't the United States say, wow, I have this venue. I can seek relief. I'll be treated the same as any New Mexico citizen in that venue, but Congress gave me 3145, I guess it is. And therefore I can go elsewhere. I think, um, I don't have another answer for you, Your Honor, other than the fact that we believe congressional intent in 69-61A was that if there, if United States is treated just as any other person, they would, and if they're in the state hazardous waste act, then they would review agency decisions to the New Mexico court of appeals. So if this court is not convinced by the implied repeal argument, we would like to urge this court to, um, apply congressional intent and congressional policy to the abstention issues. And so the district court was not, did not abuse its discretion and abstaining in this case. Um, it, it made a finding on the Colorado River abstention that this case did present exceptional circumstances. It construed its understanding of peaceful litigation in light of congressional policy in 69-61A. Obviously that's a different congressional policy than what was done, than what's present in the McCarran Amendment. Don't we have cases that suggest that if the one action is stayed, that you don't have a risk of piecemeal litigation? I mean, here both actions were filed on the same day and they're the same issues. So you have parallel actions and you don't have one that was filed before the other, but because of the stay, it obviates the risk of piecemeal litigation, doesn't it? That is definitely, um, a way in which this is a different kind of, the district court understood this to be a different kind of piecemeal litigation. The district court's understanding of piecemeal litigation was that divergent precedents will be created. One for the United States in federal court when the United States has a pamity and the other line of precedent for everybody else. Well, I, I, um, because I think everyone agrees that even if it is tried in federal court, the issues will be determined under New Mexico law. I don't, I'm not sure I'm convinced that you're necessarily going to have divergent laws because the federal court's going to be watching what the state court is doing and has to under diversity follow that law. Well, I think if there had, if there was state court precedent on this issue, um, that would have some force, but the state courts have not yet had an opportunity to address these issues. This would be, this is a novel question of law. This would be a case of first impression for the state courts. And so if the federal district court decides this case, it has no guidance from the state courts. Um, and even if this, you know, there, there might be a time where we have different federal sort of federal common law precedent applied to the United States and state court precedent applied to other people. I think as Judge McHugh is trying to get out, it's not going to be a question of federal common law because let's assume in this instance, on this question of first impression that the court, the federal court interprets a New Mexico law to say, a then a case come along in the New Mexico court of appeals that says B. Well, as time goes on, the federal court is going to have to figure out a way to try to align itself with what the New Mexico Supreme court, for example, says the law is right. So eventually it's going to militate towards B. Eventually, yes. The district court wouldn't necessarily be bound by a New Mexico court of appeals decision. So it would have to wait for it to go to the New Mexico Supreme court. I agree, Your Honor, over time, that is the case. Whether they're bound, um, we look to the highest court in the state that's decided the issue. While we prefer a Supreme court case, we certainly are influenced by a court of appeals decision. But I think the problem that I see in the district court's assessment of piecemeal litigation is that under the Colorado river doctrine, we're looking at piecemeal litigation in a single case. We're not looking at sort of this, you know, projection on the future. It's in this case. And I don't see a risk of piecemeal litigation where you don't have two cases proceeding simultaneously. You have one that has been stayed and one that's moving forward. Yes, Your Honor. It's possible. And as, as, as we said, in the 28 January letter, it's possible that an administrative compliance order might be litigated in state court. Um, and if it goes to federal district court because it would be a civil enforcement proceeding, it would be subject to younger abstention. So it's possible in the future that that might happen. But I'd like to move on to the, uh, Brillhart question because I do think that the question. Brillhart, I have trouble with that one, because you're not only seeking declaratory relief. You want it set aside. So, um, I don't, so the United States says that it's asking for an injunction. We don't know what that injunction is. We don't know what the United States is seeking or whom the United States is seeking to enjoin here. Well, they want to enjoin, uh, uh, execution of the permanent permit, according to the terms New Mexico provided. That's what they're enjoining. They want to stop New Mexico from enforcing that permit. Isn't that clear? So if that's the case, Your Honor, then, um, the United States will be asking federal district court to enjoin the secretary, the state official, not from violating any federal law, but from exceeding an agency's authority, according to state law, according to the United States construction. It may be a loser, but they asked for an injunctive relief, didn't they? And, and as a consequence, distinguish this from Brillhart. Brillhart just does not apply. Well, I think this case is similar to your, your Honor's analysis in City of Las Cruces where they asked for declaratory relief and there was no additional coercive relief. I don't hear coercion. I don't understand how vacating a permit is coercive relief because I don't think you can coerce or enjoin a permit. So unless there's a specific injunction in joining an official or, um, you know, an entity that has agency. Well, if a determination is made that the permit is, essentially, I don't want to use the legal term, ultra vires, and that is that it is not in accordance with New Mexico law. So this, then it could be enjoined by any court, uh, who has jurisdiction. So if, if there is injunctive relief here, then, and we are not under Brillhart, then I do think the federalism issues come into play here. Like there is, yeah, exactly. Moving on to Burford abstention. So, you know, in, in Burford, we have all the threshold requirements for Burford timely and adequate state court review is available. The federal court is sitting in equity. If we acknowledge there's injunctive relief too, that's still just equity. Um, and that doesn't, I don't believe there has to be an ongoing state administrative proceeding for Burford to apply. The test is whether saying that the court must decline to interfere with proceedings or orders of state administrative agencies. And there are two destructive prongs in Burford. One is whether, um, there are difficult questions of state or the bear on policy problems of substantial public import of which PFAS contamination is certainly one, or where the exercise of federal review would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern. Um, and that obviously matter of substantial public concern is not only hazardous waste in general, but PFAS specifically. And, um, you know, there's this, um, this court's unpublished opinion in wild grass, which I cite in that brief, which I think is, though it's an unpublished case, I think it's pretty persuasive to our case here. Um, and the wild grass court summarized what the Supreme court said in the New Orleans case, the Supreme court has noted that the risk of disruption in cases involving procedural challenges to whether a state agency must apply to a case, has applied its lawful authority. And that's what we have here. The United States is challenging New Mexico and New Mexico environment departments exercises. It's lawful authority. It's the state law issue. It's the state law question. There will be an impression of first impression, um, before the state courts. And so we do think that ascension was warranted in this case. And if there are no further questions, I will sit down. Thank you, counsel. Thank you.  First, if I may, there is a presumption against exclusive jurisdiction. That's the holding of the Supreme court in the MIMS case we cite in our brief. And it's a big stretch to say that procedural requirements includes subject matter jurisdiction. That's contrary to the statute. It's contrary to this court's decision and U S V New Mexico. And it's contrary to the history of the procedural rights requirements in these statutes. And are you saying that if it does include subject matter jurisdiction, you lose? No, because again, that it just provides state and federal courts with concurrent jurisdiction. And unless the court has any additional questions, we would ask the court to reverse the judgment of the district court and remand. Thank you, counsel. Thank you both for your fine arguments cases submitted. Thank you.